[Cite as *In re X.C.*, 2019-Ohio-3835.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| X.C. | : | CASE NO. CA2019-05-047 |
| | : | O P I N I O N<br>9/23/2019 |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 17-D000098

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

The Law Office of Joshua G. Burns, LLC, Joshua G. Burns, P.O. Box 959, Lebanon, Ohio 45036, for appellant

Carol Garner, 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249, for child

**RINGLAND, P.J.**

{¶ 1} Father appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, which granted Warren County Children Services permanent custody of Father's biological child, X.C. For the reasons discussed below, this court affirms the award of permanent custody.

{¶ 2} On July 10, 2017, Warren County Children Services ("WCCS" or "the agency") requested, by telephone, an emergency ex parte order removing X.C. from Father's care.

Based on the allegations conveyed to the court over the telephone, the court granted the request and placed X.C. in the emergency shelter care of WCCS.

{¶ 3} The following day, WCCS filed a complaint alleging that X.C. was a dependent child. The complaint alleged that the agency had received reports that Father was leaving X.C. in a vehicle while Father went into an apartment complex to purchase drugs. Father and X.C. were allegedly homeless and "couch surfing." X.C.'s aunt reported that X.C. disclosed to her that Father was using drugs and would make X.C. go outside when Father would use drugs. X.C.'s mother had not had any contact with X.C.[1]

{¶ 4} In September 2017, the court held an adjudicatory hearing at which Father stipulated that X.C. was a dependent child. The court found X.C. dependent.

{¶ 5} In September 2017, Father entered into a case plan with the goal of reunifying with X.C. The case plan required Father to complete a drug, alcohol, and mental health assessment and follows all recommendations, submit to random drug tests, cooperate with and be available to the agency, abstain from criminal activity, complete parenting classes, maintain a source of income to provide for stable housing and X.C.'s basic needs, allow agency caseworkers access to his residence, sign all necessary agency releases, and follow court orders.

{¶ 6} Father completed his assessment for drug and alcohol addiction but otherwise made little progress on his case plan for reunification. He did not complete drug and alcohol treatment and consistently tested positive in drug screens, including multiple positive tests for THC, amphetamines, methamphetamine, and cocaine. He did not complete numerous other aspects of his case plan, including failing to obtain stable housing or verify his employment with the agency.

---

1. The biological mother did not participate in any aspect of the case and was found to have abandoned X.C.

{¶ 7} In January 2019, WCCS moved for permanent custody of X.C. The matter proceeded to a permanent custody hearing in April 2019. Two WCCS caseworkers and Father testified. In May 2019, the court issued a decision granting permanent custody of X.C. to the agency. Father appeals, raising one assignment of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY ADMITTING AND RELYING UPON "EXHIBIT 4" AND "EXHIBIT 5" AS NEITHER WERE PROPERLY AUTHENTICATED AND THEREFORE, THE DOCUMENTS THEMSELVES CONSTITUTE HEARSAY.

{¶ 10} Father argues that the court erred by admitting two documents into evidence, which he argues were not properly authenticated and contained inadmissible hearsay. The state argues that even if the court erred in admitting the documents, any error was harmless because the same evidence contained in the documents was presented to the court through other admissible evidence.

{¶ 11} During the testimony of an agency caseworker, the state presented Exhibits Four and Five and questioned the caseworker concerning their content.[2] Exhibit Four is a letter directed to the caseworker from two employees at "Solutions," a community counseling and recovery center. The letter indicates that Father had an assessment for drug and alcohol addiction at Solutions and was diagnosed with moderate cannabis use disorder and unspecified amphetamine disorder. The letter concludes by stating that Solutions employees recommended that Father engage in intensive outpatient services for substance use disorders.

{¶ 12} Exhibit Five is a letter directed to Father from a Solutions employee. The letter indicates that the employee "has not heard from" Father and indicates that if Father does not

---

2. Father objected to the use of both exhibits during the hearing and the objections were overruled. Father renewed his objections at the close of the agency's case. The court admitted the documents into evidence.

contact the employee to schedule an appointment, the employee will close Father's case and cancel all future appointments.

{¶ 13} It is unnecessary for this court to determine whether the juvenile court abused its discretion in admitting these two documents based on lack of authentication or potential hearsay concerns. Even if the admission was in error, such an error would fall within the scope of Civ.R. 61. Civ.R. 61 defines the principle of harmless error and provides that a court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *In re Cass*, 12th Dist. Preble No. CA95-03-002, 1995 Ohio App. LEXIS 4790, *10 (Oct. 30, 1995).

{¶ 14} Father's testimony during the hearing covered the substance of both Exhibits Four and Five. With respect to the content of Exhibit Four, Father testified that he had an individual counseling session at Solutions, that he was diagnosed with moderate cannabis use disorder and unspecified amphetamine or other stimulant related disorder, and that he was recommended for intensive outpatient services, i.e., the exact content of Exhibit Four. With respect to Exhibit Five, Father testified, and in fact, stipulated, that he never completed his drug and alcohol treatment services. Accordingly, the record contains substantively the same facts through Father's testimony that were contained in the two allegedly improperly admitted exhibits.

{¶ 15} Having reviewed the juvenile court's decision, this is not a case that causes concern that the outcome was affected by the allegedly erroneous admission of these two exhibits. The court granted permanent custody on the basis that X.C. had been in the agency's temporary custody for 12 or more months of a consecutive 22-month period and that a grant of permanent custody to the agency was in X.C.'s best interest. Father challenges neither of these findings on appeal and the findings are supported by the record.

{¶ 16} The record reflects that Father made little effort to reunify with X.C. during the pendency of the case. He did not remedy any of the agency's concerns that led to X.C.'s removal. He submitted to a drug and alcohol assessment but did not complete drug and alcohol treatment. He tested positive for drugs throughout the pendency of the case. He did not complete parenting classes. He did not obtain stable housing. He did not verify his employment with the agency. No suitable family members were available to receive legal custody. X.C. was in a foster-to-adopt placement and the foster family had indicated a desire to adopt X.C. Accordingly, this court concludes that even if the admission of the two exhibits was erroneous, Father's substantial rights were unaffected. This court overrules Father's sole assignment of error.

{¶ 17} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.